UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MITRA N. FOROUHAR,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATOIL ASA,<br><br>　　　　Defendant. | Case No:  C 10-3623 SBA<br><br>**ORDER**<br><br>Dkt. 16, 74, 77 |

　　　On August 10, 2010, Plaintiff Mitra Forouhar filed the instant diversity jurisdiction action against Statsoil ASA based on its allegedly false representations regarding her employment.  Plaintiff alleges five state law causes of action against Defendant for: (1) fraud and deceit; (2) promissory estoppel; (3) negligent misrepresentation; (4) misrepresentation in violation of California Labor Code § 970; and (5) unlawful, unfair and fraudulent business practices in violation of California's Unfair Competition Law, California Business and Professions Code § 17200.

　　　On December 20, 2010, Defendant filed a motion to dismiss, asserting, inter alia, that the Court lacks personal jurisdiction over it.  Dkt. 16.  On January 26, 2011, Plaintiff opposed Defendant's motion.  Dkt. 38, 74.  On February 1, 2011, Plaintiff filed a motion to conduct jurisdictional discovery, which Defendant opposed.  Dkt. 46, 57.  On February 22, 2011, the Court referred Plaintiff's motion for jurisdictional discovery to Magistrate Judge Nandor Vadas ("the Magistrate"), and held Defendant's motion to dismiss in abeyance pending the Magistrate's ruling.  Dkt. 61.

　　　On March 7, 2011, the Magistrate issued an order granting Plaintiff's motion for jurisdictional discovery.  Dkt. 65.  The Magistrate permitted Plaintiff to serve interrogatories and document requests regarding Defendant's contacts, investments and

partnership within the State of California from 2000 to present. Id. at 6. The Magistrate also authorized a deposition of Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6) pertaining to Defendant's contacts, partnerships and business relationships within California since 2000 to the present. Id. On March 18, 2011, Defendant filed objections to the Magistrate's order. Dkt. 77.

Under Civil Local Rule 72-2, any party may appeal from a magistrate judge's order on a non-dispositive pretrial matter. Upon consideration of the appeal, the district judge shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. See id.; see also 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) ("A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.") With regard to discovery disputes and other non-dispositive matters, the district court must give the magistrate judge great deference. United States v. AbonceBarrera, 257 F.3d 959, 969 (9th Cir. 2001). A magistrate judge's ruling on discovery issues is clearly erroneous only when the district court is left with a "definite and firm conviction that a mistake has been committed." Burdick v. Comm'r Internal Rev. Serv., 979 F.2d 1369, 1370 (9th Cir. 1992). The district judge may not simply substitute his or her judgment for that of the magistrate judge. See Grimes, 951 F.2d at 241. "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Conant v. McCoffey, C 97-0139 FMS, 1998 WL 164946, *2 (N.D. Cal. Mar. 16, 1998) (Smith, J).

Having reviewed the submissions of the parties, the Court finds that the Magistrate's ruling is neither clearly erroneous nor contrary to law. The Magistrate found that Plaintiff had presented sufficient evidence of Defendant's contacts in California to justify jurisdictional discovery. Dkt. 65 at 4. The record shows that Defendant has engaged in a multi-disciplinary program at the University of California, Berkeley ("the University"), and that the University and the Defendant conduct business leadership workshops for business executives, as well as work together on other research projects and programs. Id.

Similarly, there is evidence that Defendant engaged in a project with the University of San Diego's Scripps School of Oceanography; announced plans to collaborate with a California company to test fuel cells in Sacramento; and became involved in a business project with a California company, Quantum Technologies.  Id.  The Magistrate also cited several other instances involving the Defendant's contacts with California.

In addition, the Magistrate correctly applied the legal standards pertaining to personal jurisdiction in finding that the evidence of Defendant's contacts was sufficient to establish a colorable basis for jurisdiction such that discovery should be permitted.  The Court disagrees with Defendant's assertion that the scope of discovery permitted by the Magistrate is overbroad.  To the contrary, the jurisdictional discovery ordered by the Magistrate is specifically directed to the limited issue of whether the Court has personal jurisdiction over the Defendant.  For these reasons, the Court overrules Defendant's objections to the Magistrate's ruling.

Since it is likely that the jurisdictional discovery will impact the arguments presented in connection with Defendant's motion to dismiss for lack of personal jurisdiction, the Court finds that the more efficient course of action is to permit the parties to resubmit their briefs in connection with Defendant's motion after Plaintiff has completed her jurisdictional discovery.  Accordingly,

IT IS HEREBY ORDERED THAT:

1.     Defendant's objections to the Magistrate's Order Granting Plaintiff's Motion for Jurisdictional Discovery, Dkt. 65, are OVERRULED.  Plaintiff shall have sixty (60) days to complete the jurisdictional discovery permitted by the Magistrate.

2.     Defendant's motion to dismiss, Dkt. 16, is DENIED without prejudice.  Within thirty (30) days of Plaintiff's completion of jurisdictional discovery, Defendant shall refile its motion to dismiss.  Defendant's renewed motion and Plaintiff's opposition are limited to fifteen (15) pages and Defendant's reply is limited to ten (10) pages.  In lieu of renewing its motion to dismiss, Defendant may file a responsive pleading.

1  |  3. This Order terminates Docket Nos. 16, 74 and 77.
2  |  IT IS SO ORDERED.
3  |  Dated: September 12, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge